**Phyllis MARKS, Plaintiff–Appellant,**

v.

**BLDG MANAGEMENT CO., INC., d/b/a/ Wembly Management Co., IG Second Generation Partners, L.P., I Bldg Co., Inc., and Lloyd Goldman, Defendants–Appellees.**

No. 02–7637.

United States Court of Appeals, Second Circuit.

March 18, 2003.

Michael G. O'Neill, New York, NY, for Appellant.

John A. Herfort (William J. Kilberg, Rachel A. Clark, Todd A. Higgins), Gibson, Dunn & Crutcher LLP, New York, NY; Jeffrey Van Etten, Kral, Clerkin, Redmond, Ryan, Perry & Girvan, New York, NY, for Appellee, of counsel.

PRESENT: JOSÉ A. CABRANES, FRED I. PARKER, Circuit Judges and LEWIS A. KAPLAN,* District Judge.

AMENDED SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of March, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

---

Plaintiff has lived in a rent-controlled apartment at 166 Second Avenue in New York City for the last 38 years. Beginning in the winter of 1992–93, plaintiff began traveling to Florida for the winter months because warmer weather is beneficial to her health.

Plaintiff brought the instant action on July 19, 1999 under the FHA and related New York laws alleging (1) that defendants failed to make a reasonable accommodation of her illness when they denied her 1997 request to leave a roommate behind in her rent-controlled apartment when she traveled to Florida for the winter, and (2) defendants denied her 1997 request, and initiated termination proceedings in 1999, in unlawful retaliation for her having brought a previous lawsuit in 1996. After trial, a jury found in plaintiff's favor on the reasonable accommodation claim, and it found that the denial of the 1997 accommodation request was retaliatory. The jury awarded plaintiff compensatory damages of $50,000 and punitive damages of $250,000.

After trial, Magistrate Judge Katz granted defendants' Rule 50(b) motion for judgment as a matter of law on the ground that (1) plaintiffs had requested an "economic" accommodation not recognized by the FHA, and (2) defendant's unlawful, retaliatory refusal to accommodate did not cause any harm to plaintiff. Plaintiff appeals the judgment, and seeks reinstatement of the jury verdict. For substantially the reasons set forth by Magistrate Judge Katz in his Memorandum Opinion and Order dated April 26, 2002, see Marks v. BLDG Management Co., No. 99 Civ. 5733(THK), 2002 WL 764473 (S.D.N.Y. Apr.26, 2002), we affirm the District Court's grant of judgment as a matter of law in favor of defendants.

We have considered all of the plaintiff's arguments. For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.